**UNITED TRANSPORTATION UNION, Plaintiff–Appellant,**

v.

**GRAND TRUNK WESTERN RAILROAD CO., Defendant–Appellee.**

No. 89–1523.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 16, 1990.

Decided Feb. 21, 1990.

Clinton J. Miller, III (argued), Office of Gen. Counsel, United Transp. Union, Cleveland, Ohio, C. Thomas Wilson, Nelson, Wilson & Wilson, Detroit, Mich., for plaintiff-appellant United Transp. Union.

Mary P. Sclawy, Robert I. Schellig, Jr., Grand Trunk R. Co., Detroit, Mich., Ronald M. Johnson (argued), Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., for defendant-appellee, Grand Trunk Western R. Co.

Before NELSON and BOGGS, Circuit Judges, and BERTELSMAN, District Judge.*

PER CURIAM.

The plaintiff in this case, the United Transportation Union, brought an action for declaratory and injunctive relief seeking to compel the defendant, Grand Trunk Western Railroad Company, to participate in national multi-employer collective bargaining as opposed to individual bargaining. The district court granted summary judgment for the defendant. *United Transp. Union v. Grand Trunk W. R.R. Co.,* 712 F.Supp. 107 (E.D.Mich.1989) (Zatkoff, J.). We agree with the district court's decision, which finds support in a subsequent decision by the Court of Appeals for the Eighth Circuit.

I

Defendant Grand Trunk, a small Class 1 railroad, has approximately 943 miles of track in Indiana, Illinois, Michigan, and Ohio. Its employees are represented by the plaintiff union. Although it had engaged in national multi-employer bargaining in the past, Grand Trunk decided not to do so in the round of bargaining scheduled

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

for 1988. On April 4, 1988—before bargaining began—Grand Trunk notified the union that "the carrier intends to conduct negotiations in connection with this notice on its own behalf. GTW is not authorizing a national conference committee to represent us in these negotiations." This lawsuit followed.

The district court held that nothing in the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, required the railroad to engage in national bargaining. The court observed that the cases upon which the union relied held only that a railroad could not withdraw from national bargaining once it had commenced. *United Transp. Union,* 712 F.Supp. at 111. The court also noted that an argument similar to the union's had been rejected in *American Railway and Airway Supervisors Association v. Soo Line Railroad,* 690 F.Supp. 802 (D.Minn.1988). That decision has since been affirmed by the Court of Appeals for the Eighth Circuit. *American Ry. and Airway Supervisors Ass'n v. Soo Line R.R.,* 891 F.2d 675 (8th Cir.1989) (*"Soo Line"*).

## II

In the present appeal the union urges that the railroad must engage in national, multi-employer bargaining if: (1) the issues are practically suited for national bargaining; and (2) such issues have traditionally been resolved through multi-employer bargaining. The union relies on *dicta* to that effect in *Brotherhood of Railroad Trainmen v. Atlantic Coastline Railroad,* 383 F.2d 225 (D.C.Cir.1967), *cert. denied,* 389 U.S. 1047, 88 S.Ct. 790, 19 L.Ed.2d 839 (1968).

We find no authority for the union's position in the Railway Labor Act. The Act does, to be sure, require the parties to "exert every reasonable effort to make and maintain agreements," 45 U.S.C. § 152, First, and requires the railroad to negotiate in good faith. *Chicago & N.W. Ry. v. United Transp. Union,* 402 U.S. 570, 574–75, 91 S.Ct. 1731, 1733–34, 29 L.Ed.2d 187 (1971). But the Act expressly preserves each party's right to choose its own bargaining representative:

"Representatives, for the purposes of this chapter, shall be designated by the respective parties without interference, influence or coercion by either party over the designation of representatives by the other; and neither party shall in any way interfere with, influence, or coerce the other in its choice of representatives." 45 U.S.C. § 152, Third.

Relying on the latter section, the Eighth Circuit's *Soo Line* opinion rejects an argument identical to that made by the union here:

"we are aware of no decision that construes this duty to obligate the railroad to bargain for a national contract through a national bargaining representative. The unions' argument ignores the statutory right of each party to designate a representative with whom the other party's representative must negotiate." *Soo Line,* 891 F.2d at 677–78.

A narrow exception to the freedom of choice rule exists "where one of the negotiating parties attempts to withdraw from multi-party bargaining after negotiations have begun." *Soo Line,* 891 F.2d at 678, citing a case under the National Labor Relations Act, *Charles D. Bonanno Linen Service Inc. v. NLRB,* 454 U.S. 404, 410–11 and n. 5, 102 S.Ct. 720, 724–25 and n. 5, 70 L.Ed.2d 656 (1982). Here, however, the union does not deny that Grand Trunk announced its intention before bargaining began. No court of appeals has compelled national bargaining where a party opted for individual bargaining before the start of negotiations. For us to do so would be to fly in the teeth of the statute.

Accordingly, and for the reasons stated in Judge Zatkoff's opinion, 712 F.Supp. 107, the judgment of the district court is AFFIRMED.