# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 22-7044**

**September Term, 2022**

FILED ON: FEBRUARY 17, 2023

ALTON & SOUTHERN RAILWAY COMPANY, ET AL.,
APPELLEES

v.

BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES DIVISION/IBT,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-03586)

---

Before: HENDERSON, WILKINS and CHILDS, *Circuit Judges*.

## J U D G M E N T

The Court considered this appeal on the record from the United States District Court for the District of Columbia (district court) and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and determined they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is hereby

**ORDERED AND ADJUDGED** that the district court's March 30, 2022 order granting appellees' motion for summary judgment and denying appellant's cross-motion for summary judgment be **AFFIRMED IN PART** and **DISMISSED IN PART**.

*Brotherhood of Railroad Trainmen v. Atlantic Coast Line Railroad Co.*, 383 F. 2d 225 (D.C. Cir. 1967) (*Atlantic Coast Line*), is controlling precedent in this Circuit and is generally binding on this panel. *See, e.g.*, *LaShawn A. v. Barry*, 87 F.3d 1389, 1395 (D.C. Cir. 1996) ("One three-judge panel . . . does not have the authority to overrule another three-judge panel of the court. . . . That power may be exercised only by the full court, either through an [e]n banc decision . . . or pursuant to the more informal practice adopted in *Irons v. Diamond*, . . . ." (citations omitted)). In *Atlantic Coast Line*, the Court held that the resolution of a dispute regarding the scope of collective bargaining, *i.e.*, whether national or local handling of disputed labor issues is appropriate under The Railway Labor Act of 1926 (RLA), codified at 45 U.S.C. §§ 151–188, requires "an issue-by-issue evaluation of the practical appropriateness of mass bargaining on that point and of

1

the historical experience in handling any similar national movements." *Atl. Coast Line*, 383 F.2d at 302.

In resolving a scope of collective bargaining dispute on summary judgment between Appellant Brotherhood of Maintenance of Way Employes Division/IBT (BMWED), a union representing maintenance of way employees, and Appellees, a coalition of railroad employers (coalition),[1] the district court held that under *Atlantic Coast Line*, BMWED's statutory RLA rights are not violated if it is required to bargain collectively with the coalition on a national basis as to wages, work rules, and health and welfare issues. Applying *Atlantic Coast Line* for the first time since *General Committee of Adjustment, GO-386 v. Burlington Northern & Santa Fe Railway Co.*, 295 F.3d 1337 (D.C. Cir. 2002), we, after de novo review, affirm in part and dismiss in part. *See Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir. 1997) (grant of summary judgment reviewed de novo).

The RLA governs collective bargaining between railway carriers and their employees. *E.g.*, *Detroit & Toledo Shore Line R.R. Co. v. United Transp. Union*, 396 U.S. 142, 148 (1969). For the parties, reoccurring collective bargaining occurs quinquennially as demonstrated by their participation in rounds of labor negotiations beginning in 1994, 1999, 2004, 2009, 2014, and 2019. The round of collective bargaining at issue in this appeal began on November 1, 2019. The parties initiated the bargaining process by serving notices pursuant to 45 U.S.C. § 156, which contained proposed changes to wages, work rules, and health and welfare benefits. The coalition notified BMWED that four smaller railroads, Delaware & Hudson Railroad Company (D&H), Northeast Illinois Regional Commuter Railroad Corporation, Northern Indiana Commuter Transportation District, and Soo Line Railroad Company (Soo Line) were part of the national coalition only for health and welfare issues. BMWED served "local" notices on coalition members Union Pacific Railroad Company, Norfolk Southern Railway Company, Consolidated Rail Corporation, and railroads controlled by Grand Trunk Corporation expressing an intention to bargain separately with those railroads on all issues locally, regardless of whether they had elected national handling. Anticipating that the railroad companies it targeted would resist local bargaining, BMWED filed four parallel lawsuits against those railroads in district courts located within the geographic boundaries of the United States Courts of Appeals for the Sixth and Eighth Circuits. BMWED

---

1 Maintenance of way employees are those workers who maintain a railroads' tracks, structures, bridges, and rights-of-way. The entities in the coalition are Alton & Southern Railway Company, The Belt Railway Company of Chicago, Bessemer and Lake Erie Railroad Company, BNSF Railway Company, Central California Traction Company, Consolidated Rail Corporation, CSX Transportation, Inc., Delaware & Hudson Railroad Company, Grand Trunk Western Railroad Company, Illinois Central Railroad Company, Indiana Harbor Belt Railroad Company, The Kansas City Southern Railway Company, Los Angeles Junction Railway Company, New Orleans Public Belt Railroad Corporation, Norfolk & Portsmouth Belt Line Railroad Company, Norfolk Southern Railway Company, Northeast Illinois Regional Commuter Railroad Corporation, Northern Indiana Commuter Transportation District, Portland Terminal Railroad Company, Port Terminal Railroad Association, Soo Line Railroad Company, Terminal Railroad Association of St. Louis, Union Pacific Railroad Company, Wichita Terminal Association, Winston Salem Southbound Railway Company, and Wisconsin Central Limited.

alleged that the railroads' refusal to bargain through local handling violated Section 2 First, Second, Third, and Fourth of the RLA, *see* 45 U.S.C. § 152, and sought declaratory and injunctive relief to compel each carrier to bargain with BMWED on an individual carrier basis. Thereafter, the coalition filed a reciprocal action in the district court seeking its own declaration and injunction to require BMWED to bargain on a national basis. After the courts in the BMWED-initiated actions transferred those matters to the district court, the district court consolidated BMWED's cases with the coalition's action. BMWED then filed a counterclaim against Soo Line and D&H for declaratory and injunctive relief prohibiting them from only joining the coalition for health and welfare issues. Following cross-motions for summary judgment, the district court ruled in favor of the coalition, both on its claims and on BMWED's counterclaim, holding that *Atlantic Coast Line* remains controlling precedent and governs the dispute.

The parties' ongoing dispute caused national concern because a potential rail workers' strike threatened essential transportation services in the United States. As a result, President Biden created an emergency board pursuant to 45 U.S.C. § 160, which made recommendations to resolve the dispute and resulted in tentative agreements between the parties. *See* Exec. Order No. 14077, 87 Fed. Reg. 43,203 (July 15, 2022). President Biden then made the tentative agreements binding when he signed into law a joint congressional resolution. *See* Pub. L. No. 117-216, 136 Stat. 2267–2268 (Dec. 2, 2022). In response to a specified inquiry from this Court (*see* Doc. No. 1977358), the parties agreed that even though their requests for injunctive relief dissolved with the enaction of Public Law 117-216, the legislation did not moot their requests for declaratory relief. We agree that the aforementioned "developments do not moot this controversy. . . . Because these same parties are reasonably likely to find themselves again in dispute over the issues raised in this petition, and because such disputes typically are resolved quickly by executive or legislative action, this controversy is . . . capable of repetition yet evading review." *Burlington N. R.R. Co. v. Bhd. of Maint. of Way Employes*, 481 U.S. 429, 436 n.4 (1987) (citation omitted). *See also Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 377 (1979) ("To meet that test, two conditions must be satisfied: '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.'" (citation omitted)). Therefore, upon consideration of the parties' arguments, we find that an actual case or controversy still exists warranting a decision on the merits. *See Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 121–122 (1974) ("[E]ven though the case for an injunction dissolved with the subsequent settlement of the strike and the strikers' return to work, the parties . . . may still retain sufficient interests and injury as to justify the award of declaratory relief.").

In this appeal, BMWED acknowledges that *Atlantic Coast Line* is the law of the Circuit. Nevertheless, BMWED contends that the district court erred by: (1) determining that BMWED must bargain with the coalition nationally because the rail carriers seek to bargain nationally; and (2) concluding that Soo Line and D&H could participate in national bargaining with BMWED for health and welfare issues, while refusing to participate in national bargaining with BMWED for wages and work rules. BMWED focuses its arguments on overturning *Atlantic Coast Line* rather than the district court's application of its holding. In this regard, BMWED beseeches this Court to consider en banc review to address whether *Atlantic Coast Line* is outdated, has lost its integrity, and is inconsistent with the RLA. BMWED further requests that the Court adopt the

interpretation of the RLA applied by the Eighth Circuit in *American Railway and Airway Supervisors Ass'n (Division of BRAC) v. Soo Line Railroad Co.*, 891 F. 2d 675, 679–680 (8th Cir. 1989) (*Soo Line*) (observing that a railroad "has no obligation to accept national bargaining and is not bound by national negotiations in which it chooses not to participate . . . ."), and the Sixth Circuit in *United Transportation Union v. Grand Trunk Western Railroad Co.*, 901 F. 2d 489, 490 (6th Cir. 1990) (*UTU*) (concluding that national bargaining is not compelled "where a party opted for individual bargaining before the start of negotiations.").

However, this Court already evaluated both *Soo Line* and *UTU* in *General Committee of Adjustment*. In analyzing these cases, the Court drew a distinction between an issue regarding the designation of a bargaining representative and an issue regarding the scope of bargaining. To this point, the Court observed that bargaining representative issues are governed by Section 2 Third (45 U.S.C. § 152), while scope of bargaining issues fall under the precedent established in *Atlantic Coast Line. Gen. Comm. of Adjustment*, 295 F.3d at 1340. Upon review, we hold that the district court correctly held that the declaratory issues raised by the parties relate to the scope of their collective bargaining. Moreover, the district court correctly acknowledged and applied *Atlantic Coast Line* in its analysis consistent with the law of this Circuit. *See Gen. Comm. of Adjustment*, 295 F.3d at 1340 ("Rather, the issue is the *scope* of bargaining (national or local). *Atlantic Coast Line*, while relatively old, remains the law of this Circuit and 'binds us, unless and until overturned by the court en banc or by Higher Authority.'" (emphasis in original) (citation omitted)). In particular, the district court clearly conveyed that BMWED's counterclaim lacked merit because the record supported Soo Line and D&H's history of joining national handling for health and welfare benefits, while also showing the practicality of their decision to handle wages and work rules locally. Therefore, we reaffirm *Atlantic Coast Line* as settled precedent in this Circuit, and we decline to recommend en banc reconsideration.[2] *See* Fed. R. App. P. 35; D.C. Cir. Rule 35.

Accordingly, due to the enactment of Public Law 117-216, we dismiss as moot the appeal as it relates to the parties' claims for injunctive relief. We affirm the district court's collective bargaining declarations resulting from its grant of the coalition's motion for summary judgment and denial of BMWED's cross-motion for summary judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41(a)(1).

<u>**Per Curiam**</u>

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

---

2 We observe that the full Court already considered and denied a petition by BMWED seeking en banc consideration of *Atlantic Coast Line*. (*See* Doc. No. 1967321.)